In the Matter of the Accounting of URSULA GOLDEN, as Administratrix of the Estate of HERMAN GOLDEN, Deceased, Appellant. ELIZABETH GOLDEN, Respondent; ROBERT E. THORNHILL, Special Guardian of DONNA L. GOLDEN, an Infant, Appellant.— In an accounting proceeding in the Surrogate's Court, Suffolk County, trial was had of the issue of whether the moneys remaining in a bank account are part of the decedent's estate or whether they passed by survivorship to one of the two named depositors. A decree was entered declaring that the survivor is the owner of the moneys. The material evidence is furnished almost entirely by bank records. The account, an interest-bearing account in a commercial bank, was created by an initial deposit on October 6, 1939. The signature card was signed by the decedent and the respondent, and it includes the following: "Joint Account #3205 Golden, Elizabeth or Herman. Bank of Suffolk County, Stony Brook, N. Y. is hereby authorized to recognize either of the signatures below in the payment of funds or the transaction of any other business. Either one or both or the survivor to sign checks. The signature of either one to be sufficient for withdrawal of all, or any part of the funds standing to the credit of the above account." Respondent, the survivor, was the decedent's mother. The decedent married in 1946 and a daughter was born to him in 1947. He died in 1952. The account, during his lifetime, remained in the form stated above. The mother, the wife, and daughter all survived the decedent. After the marriage no deposits were made in the account and only one withdrawal was made. There is evidence that the passbook for the account was at all times in the possession of the decedent and that all deposits and withdrawals were made by him. Appellants contend that no joint account was created inasmuch as the signature card does not meet the terms of subdivision 3 of section 134 of the Banking Law and that no presumption exists in favor of the surviving depositor. Appellants contend further that if it be held that the presumption does exist, the evidence, of exclusive possession of the passbook and the transacting of all the business of the account by the decedent, overcomes the presumption. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Present — Nolan, P. J., Schmidt, Beldock, Murphy and Ughetta, JJ.